[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO MODIFY CUSTODY, DEFENDANT'S MOTION TO MODIFY CUSTODY AND DEFENDANT'S MOTION TO COMPEL EMPLOYMENT
The marriage of the parties was dissolved on August 10, 1998 after a fully contested trial. Custody of the three minor children was awarded to the defendant father. In March 1999 the defendant was diagnosed with colon cancer. He had surgery and began a six month course of chemotherapy. He became so ill that he could no longer take care of all of the children. On November 3, 1999 the parties agreed to a modification of the judgment to give the plaintiff mother physical custody of the two youngest children. Child support was agreed upon and ordered in the amount of $400 per month. At that time the plaintiffs gross weekly income was $504 and her net weekly income was $381. The defendant's gross weekly income was $1,000 and his net weekly income was $648.
On February 23, 2001 the plaintiff filed a motion to modify child support. On April 17, 2001 the defendant also filed a motion to modify child support. In addition, the defendant has filed a motion to compel the plaintiff to accept employment. These motions were heard on September 14, 2001 and November 1, 2001.
Child support orders may be modified upon a showing of a substantial change in the circumstances of either party or upon a showing that the final order for child support substantially deviates from the Child Support Guidelines. C.G.S. Section 46b-86. The plaintiff claims to be entitled to a modification on both grounds.
First, the plaintiff claims that there has been a substantial change in her circumstances in that she claims to be totally disabled and unable to work. She is a Registered Nurse and began working at Manchester Memorial Hospital in 1995. She worked about 20-25 hours per week. Within three weeks after the judgment was modified on November 3, 1999 the plaintiff stopped working and has not worked since. She received short term disability benefits for a period of time and then began receiving long term benefits. She continues to receive these benefits at the rate of CT Page 15012 $213.49 per week.
The plaintiff traces her disability to the stress she experienced as a result of moving from the marital home in November 1999. She feels that a strain was placed upon her heart which caused her to experience increased shortness of breath, fatigue and total inability to move. She had these symptoms previously but not to the extent that she was unable to work. She describes the exertion of moving as the "straw that broke the camel's back." She applied for Social Security Disability benefits in March 2000 but her claim was denied. She is pursuing an appeal.
Medical evidence of the plaintiffs condition came in the form of medical records only. This evidence is consistent in the diagnosis of polymyalgia rheumatica. The physicians who have examined the plaintiff disagree about whether these conditions will prevent her from returning to employment. The most persuasive evidence comes from Dr. John Rodgers who believes that the plaintiff could return to less physically demanding sort of nursing if she were to go through a conditioning program and be compliant with the medicines prescribed for her condition. The plaintiff began a conditioning program at St. Francis Hospital but abandoned it after two sessions. The plaintiff did not give the court a reasonable explanation for her failure to follow through on this program.
In evaluating the medical records the court was particularly unimpressed with the records of Jeanne T. Hubbuch, M.D. of Newton, Massachusetts. Dr. Hubbuch concluded:
 "Ms. Santoro is unable to work even part-time sedentary jobs due to her pain, fatigue, shortness of breath and tachycardia with minimal exertion. This is expected to be a permanent condition since these are all chronic illnesses."
This conclusion is inconsistent with the other medical evidence, the plaintiffs prior work history, and the court's own observations of the plaintiff in the courtroom. The plaintiff was able to do strenuous nursing until November 1999, at least a year after Dr. Hubbuch claims that the plaintiff began to suffer from her present condition. Also, the plaintiff appeared to be in no physical distress in the courtroom during long periods of testimony, none of which would be any more strenuous than a sedentary job. The return to work in a less physically sort of nursing would be no more strenuous than the plaintiffs present schedule. She actively cares for her two children including substantial driving. She does her own housework and shopping. She is an intelligent woman who should have no problem returning to part-time employment if she will only try. CT Page 15013
The plaintiff is not motivated to go back to work. She has made almost no attempt to obtain employment in the nursing field which would be less strenuous than her present position. During 2001 she has applied for only two jobs: one as a school nurse and one as a part time visiting nurse for mothers and babies. The plaintiff admitted that there is an acute need for nurses in Connecticut in many capacities. The court finds that the current employment status of the plaintiff is a substantial change in her circumstances, but that, in conjunction with a conditioning program, the plaintiff would be physically able to return to a part-time nursing position which is less strenuous than her job at St. Francis Hospital. Such a position would command a salary which would be comparable to what she was receiving at St. Francis.
The second basis for a modification in child support is the claim that the current order deviates substantially from the current Child Support Guidelines. Since November 1999 the defendant's gross weekly income has increased to $1,125. This results in net income of $807. This is a split custody situation. The Child Support Guidelines provide a procedure which the court will follow. First, the presumptive support is calculated for the plaintiffs care of the two younger children using the plaintiffs present income from her disability benefits. This results in presumptive support to the plaintiff of $237 per week. Then, presumptive support is calculated for the defendant's care of the oldest child. This results in presumptive support of $45 per week. Then, the second figure is subtracted from the first to arrive at net presumptive support to the plaintiff of $192 per week. This figure is substantially more than the current order.
But, the issue of a deviation must be addressed under Section46b-215a-3 (b)(1)(B) of the Guidelines. That section permits the court to deviate from presumptive support if it would be inequitable or inappropriate based upon a parent's earning capacity. In this case the court is unconvinced that the plaintiff does not have an earning capacity. The credible medical evidence is that the plaintiff could return to part time sedentary nursing provided that she took her medication and went through a supervised conditioning program, something which she should have done months ago. Therefore, it is equitable that the plaintiffs presumptive support be reduced as a result of a deviation which would account for her earning capacity. The evidence is that the plaintiff could earn what she previously earned for 20-25 hours per week. This is a gross of $504 per week and a net of $381 per week. Using this net figure for earning capacity the court has recalculated child support under the Guidelines. This results in weekly child support of $115 per week.
In summary, the court finds: CT Page 15014
1. There is a substantial change of circumstances.
2. Presumptive support based upon the plaintiffs actual current income is $192 per week.
3. Based upon the plaintiffs earning capacity it would be inequitable to award the presumptive support of $192 per week.
4. A downward deviation of $77 dollars per week is equitable based upon the plaintiff's earning capacity. This reduces the presumptive support to $115 per week.
Therefore, the plaintiffs motion for modification is granted and the weekly child support is increased to $115 per week. The defendant's motion for modification is denied. The defendant's motion to compel employment is denied.
Pickard, J.